351 So.2d 531 (1977)
Anthony McDONALD
v.
EAST JASPER COUNTY SCHOOL DISTRICT et al.
No. 50019.
Supreme Court of Mississippi.
November 2, 1977.
Andalman, Berkmark, Adelman & Steiner, Michael S. Adelman, Hattiesburg, for complainant-appellant.
Robert H. McFarland, Bay Springs, for defendants-appellees.
Before PATTERSON, SUGG and WALKER, JJ.
*532 PATTERSON, Chief Justice, for the Court:
This appeal is from a decree of the Chancery Court of the First Judicial District of Jasper County dismissing appellant's bill of complaint for an injunction to prevent termination of his teaching services. The issue is whether the Public School Fair Dismissal Act[1] requires mandatory compliance with its notice provisions. We think it does.
Appellant, Anthony McDonald, school teacher of twenty-two years in the East Jasper County School system, suffered from a lifelong debilitating bone condition. Due to a break in his right femur, he was absent from his teaching duties from December 16, 1974, to May 14, 1975, and after teaching only six days, he suffered a recurring break on September 2, 1975, and missed the remainder of that term. His last contract with the school board was for the school year of 1975-1976. Although unable to teach, he continued to receive his salary less $300 per month for a substitute teacher. At the time of trial his physician had released him for return to work.
On April 1 or 2, 1976, and other prior times, his principal orally notified him that his contract would not be renewed. He received correspondence dated April 14, 1976, from the principal and assistant principal that he would not be reemployed due to his prolonged absence from work. On April 26, 1976, McDonald requested a hearing before the school board in a letter to the board president. On May 11, 1976, the principal wrote McDonald, reiterating his reasons for nonrenewal. Thereafter, a telephone call by McDonald prompted an invitation from the president of the school board to attend the June 7, 1976, board meeting. He did not attend nor did he receive notice of any action taken by the board.
McDonald filed his bill of complaint on September 9, 1976, for an injunction prohibiting his dismissal. The allegations were denied by the defendants. The cause came on for trial and after complainant rested his case, the court sustained defendants' motion to exclude and dismissed the cause with prejudice. McDonald appeals and contends that the trial court erred in granting the motion to dismiss because the notice and hearing provisions of the Public School Fair Dismissal Act were not satisfied.
Mississippi Code Annotated section 37-9-105 (Laws of 1974, Supp. 1976) reads in pertinent part as follows:
Persons entitled to notice.
Any employee of a school district who has been employed by such district during the entirety of the preceding school year, shall be given notice within seven (7) days of the decision that he not be offered a contract for reemployment for the succeeding school term when:
* * * * * *
(c) by April 1 the principal does not recommend to the superintendent the reemployment of a teacher, or by May 1 the principal does recommend the reemployment of a teacher and the superintendent does not approve the recommendation for the teacher's reemployment, or by May 1 the principal and superintendent both recommend the reemployment of a teacher and the board of trustees of the district declines the recommendation.
Section 37-9-107 provides in part as follows:
Notice.
Except in the case of nonreemployment of the superintendent, notice shall be tendered by the superintendent to any employee within seven (7) days of the date when the recommendation to reemploy would have been made under the terms of sections 37-9-15 and 37-9-17 and amendments thereto.
* * * * * *
The notice shall be mailed by certified mail, return receipt requested.
*533 Section 37-9-109 specifies the right to a hearing as follows:
An employee entitled to notice under section 37-9-105 shall be entitled to:
* * * * * *
(b) request a public hearing before the board within seven (7) days after receipt of the notice;
(c) receive a fair and impartial hearing before the board within fourteen (14) days from the date of receipt of the notice from the employee requesting a hearing;
* * * * * *
Under Section 37-9-17 a principal must recommend teachers for employment to the superintendent on or before April 1 of each year. In the event reemployment is not recommended, the superintendent must, pursuant to Section 37-9-107, tender notice by certified mail within seven days. Thus, the superintendent should have tendered notice to McDonald within seven days of April 1, 1976. While it is true that McDonald requested a hearing, it was not in accord with the time schedule of Section 37-9-109(b) and (c).
We held in Jackson v. Board of Education of Oktibbeha County, Mississippi, 349 So.2d 550 (Miss. 1977), that strict compliance with the notice provisions of the act under question must be maintained and stated the following:
... [F]ailure ... to abide by the mandatory dictates of the statute and to afford the appellant notice that he would not be reemployed resulted in an automatic renewal of his outstanding contract for the ensuing year, including compensation specified therein, although the statute does not specifically so provide. Unless that were true, the Public School Fair Dismissal Act would have no meaning and school officials could ignore it with impunity. (349 So.2d at 553)
There the employee received notice by regular mail on August 19, 1975, that he would not be rehired for the school year 1975-1976. He requested and received a hearing on September 22, 1975. But this was held not to be sufficient compliance with the Act.
Appellees argue that reasonable and sufficient notice was given in compliance with the statute as the appellant had knowledge of facts which put him on notice and cite as support King Lumber Industries v. Cain, 209 So.2d 844 (Miss. 1968), and Stanley v. Stanley, 201 Miss. 545, 29 So.2d 641 (1947). They acknowledged at the time their brief was filed that no cases had construed the notice provisions of the Act. However, Jackson, supra, decided since that time, dictates mandatory compliance.
The defendant's motion to dismiss at the completion of the complainant's testimony should not have been sustained. The cause is therefore reversed and remanded.
REVERSED AND REMANDED.
INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] The Public School Fair Dismissal Act, Laws of 1974, ch. 577, has been amended and repealed in part as follows: Miss. Code Ann. § 37-9-105 (1972), as amended by § 37-9-105 (Supp. 1977); § 37-9-107 (1972), repealed by Laws of 1977, ch. 489, § 6, effective from and after July 1, 1977; § 37-9-109 (1972), as amended by § 37-9-109 (Supp. 1977).