359 So.2d 345 (1978)
Frances WARNER
v.
BOARD OF TRUSTEES OF the JACKSON MUNICIPAL SEPARATE SCHOOL DISTRICT.
No. 50237.
Supreme Court of Mississippi.
May 31, 1978.
Cupit & Maxey, Danny E. Cupit, Jackson, for appellant.
Brunini, Grantham, Grower & Hewes, Richard W. Dortch, W. David Watkins, Jackson, for appellee.
En banc.
*346 SUGG, Justice, for the Court:
This appeal is from a decree of the Chancery Court of the First Judicial District of Hinds County affirming the action of the Board of Trustees of the Jackson Municipal Separate School District approving the recommendation of the Principal of the Marshall Elementary School that Mrs. Warner not be reemployed as a teacher for the 1976-77 school year. The primary question for decision is whether Mrs. Warner was given timely notice of her principal's recommendation not to reemploy her under the Public School Fair Dismissal Act. Miss. Gen.Laws Ch. 577 (1974).
Mrs. Warner's principal determined that he would not recommend her for reemployment as a teacher for the ensuing school year in the latter part of February, 1976. *347 The superintendent notified Mrs. Warner of the decision by letter dated March 22, 1976 which was received by Mrs. Warner on March 25, 1976. Mrs. Warner contends that the notice should have been sent to her within seven days of the date the principal determined not to recommend her for reemployment. The pertinent parts of Chapter 577 are as follows:
Section 3. Persons Entitled to Notice. Any employee of a school district who has been employed by such district during the entirety of the preceding school year, shall be given notice within seven (7) days of the decision that he not be offered a contract for reemployment for the succeeding school term when:
.....
(c) by April 1 the principal does not recommend to the superintendent the reemployment of a teacher, or by May 1 the principal does recommend the reemployment of a teacher and the superintendent does not approve the recommendation for the teacher's reemployment, or by May 1 the principal and superintendent both recommend the reemployment of a teacher and the board of trustees of the district declines the recommendation.
Section 4. Notice. Except in the case of nonreemployment of the superintendent, notice shall be tendered by the superintendent to any employee within seven (7) days of the date when the recommendation to reemploy would have been made under the terms of Section 37-9-15 and 37-9-17 and amendments thereto.
Section 37-9-17 Mississippi Code Annotated (1972) provides in part as follows:
On or before April 1st of each year, the principal of each school shall recommend to the superintendent of the school district the teachers to be employed for the school involved except those teachers who have been previously employed and who have a contract valid for the ensuing scholastic year.
The provisions of the Public School Fair Dismissal Act [Miss.Gen.Laws Ch. 577 (1974)] are conflicting because the first paragraph of Section 3 provides that notice shall be given within seven days of the decision that a teacher not be offered a contract for reemployment for the succeeding school term. On the other hand, Section 4 provides that notice shall be given by the superintendent within seven days of the date when the recommendation to reemploy would have been made under the terms of section 37-9-17 Mississippi Code Annotated (1972) which is April 1st. Section 3 of the Act does not designate the person who shall give the notice, while Section 4 provides that the superintendent shall give the notice when a teacher is involved.
We are thus faced with the problem of construing conflicting provisions in the same statute. The rule for construing conflicting provisions in the same statute was stated in Coker v. Wilkinson, 142 Miss. 1, 106 So. 886 (1926) as follows:
[W]here there are two conflicting provisions in the same statute, the last expression of the Legislature must prevail over the former. Undoubtedly that principle of statutory construction is sound. (142 Miss. at 16, 106 So. at 887).
Coker was cited with approval in Mississippi State Highway Commission v. Rives, 271 So.2d 725 (Miss. 1972) (Petition for Rehearing denied 1973). However, the rule does not apply in all cases. In Roseberry v. Norsworthy, 135 Miss. 845, 100 So. 514 (1924) we stated:
The rule invoked by the appellant that, as between conflicting sections of the same act, the last in order of arrangement will control has no application, where the intention and purpose of the whole act is clear and unmistakable, and to accept the literal wording of the latter provision would destroy a legislative policy, nullify the main provisions of the act, and entirely defeat the manifest intention and purpose of the lawmakers. (135 Miss. at 860, 100 So. at 517).
We hold the rule applies in this case and that Section 4 of the Public School Fair Dismissal Act controls over Section 3. Notice that a teacher will not be offered a contract for reemployment for the succeeding *348 school term must be given by the superintendent within seven days after April 1st, which is April 8. This construction does not nullify the primary purpose of the Act which is to give an employee notice that he will not be reemployed for the ensuing year.
There are three additional reasons supporting this construction of the statute:
(1) Section 4 fixes a definite and certain date for notice, whereas if we should hold that Section 3 is controlling, the date of notice would not be definite and certain and would depend upon the time a principal originally determined not to reemploy a teacher. When two dates are possible in a statute requiring notice, one being definite and certain and the other being indefinite and uncertain, the definite date should be chosen so that the notice requirements will apply consistently to all persons entitled to notice.
(2) It is possible that a principal might initially determine not to recommend a teacher for reemployment, but by April 1st change his mind and recommend that such teacher be reemployed. In such case if Section 3 controlled notice would have been given to a teacher of nonreemployment, when in fact the determination was not final.
(3) The Court may look to later acts of the legislature to ascertain the legislative intent and in arriving at the correct meaning of a statute. Crosby v. Barr, 198 So.2d 571 (Miss. 1967). Our construction reflects the legislative intent because the notice provision of the Public School Fair Dismissal Act was amended by Miss.Gen.Laws Ch. 489 (1977) [Section 37-9-105 Mississippi Code Annotated (1977 Supp.)] to delete Section 3 of the original Act leaving the notice provisions as follows:
In the event that a determination is made by a school district not to offer an employee a renewal contract for a successive year, written notice of nonrenewal shall be given within seven (7) days of the date when the recommendation to reemploy would have been made under the provisions of sections 37-9-15 and 37-9-17, and amendments thereto, but in any event no later than the following:
.....
(c) If the employee is a teacher or other professional educator, the school district shall give notice of nonreemployment on or before April 8.
For the foregoing reasons we are of the opinion that notice was given within the time required by the Public School Fair Dismissal Act.
The other assignments of error have been considered and we find they do not merit discussion.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM and LEE, JJ., concur.
BOWLING and COFER, JJ., dissent.
COFER, Justice, dissenting:
Failing to agree with the majority opinion I, with deference, dissent.
There underlie the considerations of due process of law and fundamental fairness to which appellant is entitled, but this dissent addresses itself to my conviction that timely statutory notice of her non-reemployment was not afforded her.
The pertinent parts of Mississippi Code 1972 Annotated, sections 37-9-105, 37-9-107 and 37-9-17 (Supp. 1974), are found in the majority opinion.
The entire statute is to be read together, in order to arrive at its meaning. Kellum v. Johnson, 237 Miss. 580, 115 So.2d 147 (1959); Wilson v. Yazoo and M.V.R.R. Co., 192 Miss. 424, 6 So.2d 313 (1942); Johnson, State Revenue Agent v. Reeves & Co., 112 Miss. 227, 72 So. 925 (1916); 73 Am.Jur., 2d, Statutes § 250, p. 423.
Coker v. Wilkinson, 142 Miss. 1, 106 So. 886 (1926), quoted in the majority opinion, says as to the rule of statutory construction that the last expression in a statute prevails over an earlier conflicting provision:

*349 There is another principle for the construction of statutes as well settled as that, which is that a statute must receive such a construction that it will, if possible, make all of its parts harmonize with each other and render them consistent with its purpose and scope. The entire statute must be so read that the "whole may have a harmonious and consistent operation." The object is to get at the design and scope of the statute. Only that construction will be justified which evidently carried out the purpose of the law. The entire legislation on the subject must be considered, and when the entire legislation on the subject consists of one statute, any conflicting provisions in the statute must, if reasonably possible, be reconciled so as to make the statute a consistent workable scheme. Adams v. Y. & M.V. RR. Co., 75 Miss. 275, 22 So. 824. (142 Miss. at 16, 106 So. at 887, 888).
In Mississippi Public Service Commission v. City of Jackson, 328 So.2d 656 (Miss. 1976), it is said that "all parts of a statute are to be given effect if possible," and we said in Davis v. Miller, 202 Miss. 880, 890, 32 So.2d 871, 873 (1947), that "[c]ourts are not at liberty to ascribe to any statute a construction which would make a part of it, in some cases, meaningless and ineffective if another reasonable construction can be found which would give it meaning and effectiveness in all cases within its purview. 50 Am.Jr., Statutes, § 358, pp. 361-4."
With this collection of authorities, it is my opinion that the entire statute has meaning and that there need be no divergence of views thereon.
Section 37-9-105 provides that a person in appellant's category "shall be given notice within seven (7) days of the decision that he not be offered a contract for reemployment for the succeeding school term... ." (Emphasis added). Any problem as to who is to give that notice is resolved by Section 37-9-107, "Except in the case of non-reemployment of the superintendent, notice shall be tendered by the superintendent to any employee within seven (7) days. ..." (Emphasis added).
Both sections 37-9-105 and 37-9-107 fix the deadline for nomination of teachers. The first of these provides that such notice shall be of the decision not to reemploy "when ... (c) by April 1 the principal does not recommend ... the reemployment of a teacher... ." and the latter makes the timeliness of the notice to be determined by Section 37-9-17, "On or before April 1st of each year, the principal ... shall recommend ... the teachers to be employed... ." (Emphasis added).
Under Section 37-9-17, the district is powerless to employ a teacher without the recommendation of him or her by the principal of the school involved. This authority of the principal was recognized by this Court in Dampier v. Lawrence County School District, 344 So.2d 130 (Miss. 1977).
In the instant case, the principal, in February of the year, recommended teachers for the next year, but went further than to remain silent on what he would do as to appellant, testifying that he "made recommendations for those to be retained and Mrs. Warner not to be." (Emphasis added). Repeating that no official of the school district could go over the principal's head, or around him, the determination not to retain her and that she not be retained, was articulated to the superintendent, "and Mrs. Warner not to be."
Thus, the ultimate decision was made as to her status with the school, and the notice provision statute (Section 37-9-105) was brought into operation, and, within seven days of the principal's decision communicated to the superintendent, the superintendent had the duty to notify her of the principal's decision (Section 37-9-107).
It is to be emphasized that section 37-9-17 provides that the principal shall recommend teachers for his school on or before April 1. Had he refrained from any action as to appellant, then April 1 would have determined the beginning date of the seven days within which notice was required to be given. Here the decision was made before and not on April 1, and the February date when the decision was made must clearly be *350 held to be the date for commencement of the notice period, and if that is not done, Section 37-9-105 is judicially amended by rendering of no effect the requirement that the notice be given within seven days of the decision.
In Jackson v. Board of Education of Oktibbeha County, 349 So.2d 550 (Miss. 1977), we said:
It is manifest that one purpose of the Act is to give those teachers who are not to be reemployed for the ensuing year early notice of that fact so that they might seek employment elsewhere... .
(349 So.2d at 553).
It is my view that notice by the superintendent mailed on March 22 of the principal's decision made and communicated to him before the end of February was not made with statutory timeliness, and I would reverse and remand the case for fixing of compensation to her for the school year involved.
BOWLING, J., joins in this dissent.