403 So.2d 135 (1981)
Robert E. COX, Former Superintendent of Madison County Board of Education; John C. Williams, Superintendent of Madison County Board of Education, et al.
v.
Evelyn K. THOMAS.
No. 52798.
Supreme Court of Mississippi.
September 2, 1981.
Rehearing Denied September 30, 1981.
John W. Christopher, Canton, for appellants.
Christopher A. Tabb, Canton, for appellee.
Before SMITH, P.J., and BOWLING and HAWKINS, JJ.
HAWKINS, Justice, for the Court:
The County Superintendent of Education and Board of Education of the Madison County School District have appealed from a final decree of the Chancery Court of that county directing appellants, defendants in the court below, to employ the appellee, and complainant below, as school teacher in the Madison County school system. We reverse and render.
The only issue we will address on this appeal is the jurisdiction of the chancery court to hear the case as an original bill of *136 complaint raised in that court by a general demurrer.
Mrs. Thomas was employed as a music teacher at the East Flora School attendance center of the county school system from 1974 until May, 1979.
On March 8, 1979, Robert E. Cox, Superintendent of the Madison County schools wrote her the following letter (R. 61):
Dear Mrs. Thomas:
I did not recommend you for employment by the Board of Education since you had violated the policy of the Board of Education in regard to the enclosed photocopy of the previously adopted policy.
Since the statute provided that you be accorded a hearing before the Board of Education as to the reasons for not being offered employment, you are hereby notified that you may appear before the Board of Education in its next regular meeting on April 2, 1979, at 7:00 P.M. in the office of the Superintendent of Education.
If you desire to present your case before the Board of Education please notify me in order that the necessary preparations may be made.
In case you choose to ask for a hearing you have the right to be represented by counsel of your choosing and at your expense.
If you have any further questions in regard to this matter feel free to contact me at the office in person or by telephone at 859-4616 or (Jackson) 355-7412.
The policy referred to in the letter, previously adopted by the school board, and in effect at the time, is recorded on the official minutes of the Madison County Board of Education (R. 61-A):
WHEREAS the number of writs of garnishment served upon the Superintendent of Education by creditors of employees of the school system has continued to increase and has become burdensome and costly to the Madison County School District; and
WHEREAS a uniform method of dealing with such employees is considered wise;
NOW, THEREFORE, any employee who allows a writ of garnishment for more than one indebtedness to be issued by any creditor of that employee and to be served upon the Superintendent of Education will not thereafter be re-employed by this board or by any individual acting for this board unless extenuating circumstances are found to exist by this board, and the gist of such circumstances spread upon the minutes of this board.
Following receipt of this letter enclosing a copy of the board's policy, upon oral request by Mrs. Thomas, the Board conducted a hearing April 9, 1979, through Mr. E.L. Henderson as hearing officer in the office of the county superintendent, Mr. Cox. Mr. Henderson was chairman of the school board. A court reporter took stenographic notes and transcribed the proceeding. Mrs. Thomas was represented by legal counsel prior to and during this hearing. On May 7, 1979, the county board reviewed the transcript and affirmed the action of the county superintendent in not recommending Mrs. Thomas for employment. By letter dated and delivered to her on May 8, 1979, Mrs. Thomas was notified as follows (R. 46):
Dear Mrs. Thomas:
The Madison County Board of Education in regular meeting of May 7th, 1979, discussed the record of the previously held hearing and voted to concur in my original recommendation to not offer employment to you for the 1979-80 session.
 Sincerely,
 (signed)
 Robert E. Cox, Superintendent
 Madison County Schools
Mrs. Thomas did not appeal the board's decision, electing instead to file an original bill of complaint on October 2, 1979, in the chancery court of Madison County praying for damages and an injunction reinstating her as an employee of the school system, naming as defendants the superintendent and the Madison County Board of Education as a body politic.
A general demurrer was filed by the defendants on November 12, 1979, and pursuant *137 to court order authorizing her to do so, Mrs. Thomas filed two amended bills of complaint December 4, 1979, and March 17, 1980. Again, the defendants filed a general demurrer.
The main thrust of the general demurrer was that the court lacked original jurisdiction, no appeal having been filed from the school board's decision on May 7, 1979. The chancellor overruled the demurrer, assigning as reason therefor that the mandatory procedures of the "School Employment Procedures Law" had not been followed.
The cause then went to trial, following which the chancellor rendered his opinion that the defendants had failed to follow mandatory provisions of the "School Employment Procedures Act of 1977" (Miss. Code Ann. §§ 37-9-101, 37-9-105, 37-9-109, 37-9-111 and 37-9-113 (Supp. 1980)) in the following respects:
1. Failing to afford Mrs. Thomas an opportunity to appear before the school board on her own behalf, either in person or by her attorney, prior to final decision by the board.
2. The letter of May 8, 1979, failed to give her the reasons for the decision of the board.
3. While the chancellor deemed it insignificant, he also held the letter of May 8, 1979, was deficient in not being from the board as required by statute, being instead from the superintendent.
The transcribed record of the proceedings before the hearing officer was never offered in evidence or considered by the chancellor.
The School Employment Procedures Act of 1977 substantially amended 1974 Miss. Laws Ch. 577, known as the "Public School Fair Dismissal Act" under which law this court has considered several cases. See Calhoun County Board of Education v. Hamblin, 360 So.2d 1236 (Miss. 1978); Lamar County School Board v. Saul, 359 So.2d 350 (Miss. 1978); Jackson v. Board of Education of Oktibbeha County, 349 So.2d 550 (Miss. 1977); McDonald v. East Jasper County School District, 351 So.2d 531 (Miss. 1977).
The preamble to the present law states the intent of the Legislature is to establish "procedures for providing public school employees with notice of the reasons" for not offering a renewal contract, provide an opportunity for the employee to present matters in extenuation or exculpation to enable the school board to determine whether the recommendation of non-employment is a proper employment decision and not contrary to law, and "not to establish a system of tenure or require that all decisions of nonreemployment be based upon cause with respect to employment in the school district."
There was a technical failure by Mrs. Thomas to comply with § 37-9-109 in that she did not make a written request for relief provided by the act following receipt of the letter of March 8, 1979. A hearing was conducted, in any event, as provided by the act.
The chancellor was correct in ruling the act requires the board to notify the employee of the reasons for its decision, and also if the matter is heard by a hearing officer to nevertheless afford the employee an opportunity to appear before the board and present a statement in her own behalf, in person or by an attorney, prior to a final decision by the board. Miss. Code Ann. § 37-9-111(4) (Supp. 1980).
In this case, however, Mrs. Thomas was represented by an attorney, and these are purely procedural matters. These deficiencies could very quickly have been abated upon request by Mrs. Thomas or her attorney. Furthermore, since the record made before the hearing officer had never been considered by the chancellor, or made a part of this record, there was no way for the chancellor then or this Court now to determine as a fact whether the matter of her right to appear before the board was contained or set forth in the record made before the hearing officer.
While there may have been some procedural defects on the part of the board under the act, there was a substantial and manifestly good faith attempt by the superintendent *138 and the school board to comply with the law. Mrs. Thomas as the aggrieved employee had a right to appeal the decision of the board under § 37-9-113 by filing a petition with the chancery clerk, and executing a $200 surety bond within twenty days following May 8, 1979. This she failed to do, electing instead to file an original bill of complaint in the Chancery Court of Madison County five months later.
Under the circumstances of this case, the only jurisdiction the chancellor could have had in this case was an appellate review of the record made before the school board. Such review under § 37-9-113 is limited to determining whether the action of the school board was unlawful because: (a) not supported by any substantial evidence; (b) was arbitrary or capricious; or (c) in violation of some statutory or constitutional right of the employee. As to any procedural omission detected on such appeal, if harmless, the chancellor is obligated to grant no relief; if prejudicial, to remand the cause for a rehearing consistent with the finding of the chancellor.
It therefore follows the chancellor did not have original jurisdiction to hear this cause, and should have sustained the general demurrer of the defendants and dismissed the cause.
Reversed and judgment rendered here for appellants.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.