485 So.2d 302 (1986)
NOXUBEE COUNTY SCHOOL BOARD
v.
Ruth CANNON.
No. 56173.
Supreme Court of Mississippi.
March 19, 1986.
*303 Dorothy Winston-Colum, Colom & Colom, Columbus, for appellant.
Kenneth Mayfield, Tupelo, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PATTERSON, Chief Justice, for the Court:
This is an appeal from the Chancery Court of Noxubee County in which a decree in favor of Ruth Cannon, a public school teacher employed by the Noxubee County School District was awarded. The court found the Noxubee County Board of Education elected Ruth Cannon as a teacher for the 1982-83 school year and although she did not sign the contract, the board failed to exercise its option to have the contract voided. Thereafter, the board failed to provide her with notice that her contract would not be renewed for the 1983-84 school year. Mrs. Cannon's contract for the 1983-84 school year was held automatically renewed, and she was awarded back pay and fringe benefits.
On March 15, 1982, the Board of Education of Noxubee County elected Ruth Cannon as a teacher for the 1982-83 school year. In compliance with her contract, Mrs. Cannon attended the first three days of school in August, 1982, but subsequently became too ill to continue teaching until January, 1983.
During her illness Mrs. Cannon received a contract from the superintendent of education. She testified she signed it, and requested her husband to mail it to the school board. When she inquired about her paycheck in September or October, she was informed that the school had no record of her contract, and consequently could not issue her a paycheck.
On January 5, 1983, Mrs. Cannon furnished the superintendent's office with a certificate from her doctor that she was able to begin work on January 10, 1983, and requested them to sign her contract. The superintendent refused, and informed *304 Mrs. Cannon her contract would have to be presented to the board at its next monthly meeting. In January, no action was taken by the board as reflected by its minutes, although the issue of the contract was brought to the board's attention. Mrs. Cannon appeared at the February Board of Education meeting with her attorney, and again, no action was taken on her contract. She was informed by the board's attorney that she should reapply for the 1983-84 school year. She submitted an application with a copy of her 1982-83 contract, but was not rehired for the 1983-84 school year.
The school board did not pay Mrs. Cannon's salary for the 1982-83 school year, nor was she informed of the board's decision not to renew her contract prior to April 8 as provided by Mississippi Code Annotated, § 37-9-105(c), (1972), as Amended.
On October 3, 1983, Mrs. Cannon filed a complaint against the Board of Education of Noxubee County in the Chancery Court of Noxubee County, for the enforcement of the 1982-83 contract and for violation of her rights under the School Employment Procedures Act in terminating the 1982-83 contract and failing to notify her in writing that her contract would not be renewed for the 1983-84 school year. The court awarded her back pay for both school years and fringe benefits.
The present issue is whether there was an enforceable contract between Ruth Cannon and the Noxubee County School District for the school year 1982-83. If there was, the question then becomes whether the Noxubee County School Board complied with the provisions of the Mississippi Code which govern nonrenewal of public school teachers' contracts.
Mississippi Code Annotated, § 37-9-23 (1972), as Amended, addresses the form and execution of contracts between public schools and teachers, providing in pertinent part as follows:
The county superintendent of education shall enter into a contract with each ... teacher elected and approved for employment in the county wide school system ... If any ... teacher who has been elected and approved shall not execute and return the contract within ten (10) days after same has been tendered to him for execution, then, at the option of the board of trustees of the district involved, the election of the teacher and contract tendered to him shall be void and of no effect. (Emphasis added.)
We are of the opinion the statutory language intends the school board take some affirmative action to void a teacher's contract once that teacher has been approved and tendered a contract of employment. The board may not sit idly by and deem the offer lapsed because it has not been executed by the teacher.
Here, the Board of Education did not exercise its statutory option to void the contract. Because there was no termination of Mrs. Cannon's contract for the school year 1982-83, we are of the opinion there existed a valid contract between the parties for that period.
As for the 1983-84 school year, Mrs. Cannon was entitled to receive written notice of the school board's intention not to renew her contract. Mississippi Code Annotated, § 37-9-105 (Supp. 1977), as Amended, provides in the event that a determination is made by a school board not to offer an employee a renewal contract for a successive year, written notice of nonrenewal shall be given no later than April 8 if the employee is a teacher.
There is no dispute that Mrs. Cannon did not receive written notice from the Board of Education of their intention not to renew her contract for the 1983-84 school year before April 8, 1983.
In Jackson v. Board of Education of Oktibbeha County, Mississippi, 349 So.2d 550 (Miss. 1977), we held that strict compliance with the notice provisions of the act under question is mandatory, and failure of the school board to abide by the dictates of the statute results in an automatic renewal of the teaching contract for the ensuing *305 year. See also McDonald v. East Jasper County School District, 351 So.2d 531 (Miss. 1977); Calhoun County Board of Education v. Hamblin, 360 So.2d 1236 (Miss. 1978); Jones v. Benton County Board of Education, 389 So.2d 1381 (Miss. 1980); Cox v. Thomas, 403 So.2d 135 (Miss. 1981); but see Noxubee County Board of Education v. Carolyn Overton, 483 So.2d 301 (Miss. 1985).
We quote with approval from Judge William Bearden's opinion in the trial of this cause:
This decision may seem to be harsh and expensive to the Noxubee County School System. However, the school board could have allowed Mrs. Cannon to resume her teaching on January 10, 1983, the date she was physically able to return to work. The school board could have given her written notice on or before April 8, 1983, that her contract would not be renewed. The legislature, by enacting the school employment procedures law, has clearly set forth the steps necessary to be taken for not renewing an employee's contract.
The school board argues the chancery court lacked original jurisdiction in this cause because Mrs. Cannon did not request a hearing before the school board to contest her nonrenewal. We held in Cox v. Thomas, 403 So.2d 135 (Miss. 1981), the chancery court does not have original jurisdiction to hear matters concerning nonrenewal of teachers' contracts when the school board has made a substantial and good faith attempt to comply with the School Employment Procedures Law.
The record reveals no such substantial and good faith attempt by the superintendent and board to comply with the statutory provisions in this case. The school board failed to provide Mrs. Cannon with written notice of nonrenewal, nor was she given an opportunity for a hearing before the board at which to present matters relevant to the reasons given for the nonreemployment decision. Under these circumstances, we think Mrs. Cannon properly invoked the original jurisdiction of the chancery court.
Having reviewed the record and briefs in this cause we find the lower court was correct in its findings and application of the law.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.