665 So.2d 840 (1995)
Joseph O. FORD
v.
HOLLY SPRINGS SCHOOL DISTRICT; Christine Ratcliff, Chairperson, and Robert Hill, Trudy Byard, James Luvene and Knowledge Gipson, Board Members.
No. 92-CC-00448-SCT.
Supreme Court of Mississippi.
September 21, 1995.
Rehearing Denied December 21, 1995.
*841 James D. Minor, Oxford, for appellant.
Dolton W. McAlpin, McAlpin & Quarles, Starkville, for appellee.
Before DAN M. LEE, P.J., and McRAE and SMITH, JJ.,
SMITH, Justice, for the Court:
Joseph Ford appeals to this Court from a decree of the Marshall County Chancery Court, which affirmed the Holly Springs School Board's decision for the District not to reemploy Ford as principal of Holly Springs High School, for the 1990-91 academic year. The parties do not dispute the fact that Ford was notified in writing by the District on February 27, 1990, that his contract would not be renewed. The District declined to reemploy Ford because of his insubordination, his attempts at undermining the superintendent's authority, and his inability to accept policy decisions. The District found that Ford received notice prior to March 1, 1990, and that Ford failed to object at the board hearing that the notice he received was defective.
Ford appealed the District decision to chancery court where he raised the issue of defective notification for the first time. Ford abandoned his contention that the District's decision was not supported by substantial evidence and was arbitrary and capricious. The chancellor upheld the decision of the District and found that Ford received timely notification since he was given his letter of nonrenewal before March 1st, and that the superintendent did have the authority on behalf of the District to mail such notice to Ford. Aggrieved, Ford appeals to this Court citing the following issues:
I. WHETHER THE NOTICE OF NONRENEWAL OF EMPLOYMENT WAS TIMELY MADE.

*842 II. WHETHER THE SUPERINTENDENT OF A SCHOOL DISTRICT HAS THE AUTHORITY TO ISSUE A LETTER OF NONRENEWAL TO THE PRINCIPAL.
This Court is confronted squarely with an issue of first impression concerning the time of required notification of non-renewal of employment of a principal and whether a superintendent can give such notice on behalf of a school district. At first glance Miss. Code Ann. § 37-9-105(b) (1972) appears to have conflicting provisions which support both Ford's contention that he should have been notified by February 22, 1990, and the District's contention that they had until March 1, 1990. We hold that the latter date of March 1st is controlling because it fixes the ultimate, final, definite and certain date. Thus notification on February 27th comes within this deadline and is, therefore, timely.
Ford's contention that the superintendent is without authority to send the notification letter on behalf of the district is also rejected. Miss. Code Ann. § 37-19-1(d), (1972), defines the superintendent as the head of a school district. Common sense would dictate that the full time position of superintendent, charged with the day to day administrative operation of the school district, would be the logical representative of a part-time Board of Education to send notice for the school district to a principal of the District's decision of non-reemployment of that principal for the forthcoming school year. This odd argument that the head of a school board/district is without power to issue a letter of nonrenewal has been presented to this Court on one prior occasion. In Cox v. Thomas, 403 So.2d 135 (Miss. 1981), this Court held that harmless error applied and did not actually address the issue on the merits. Upon thoughtful consideration of the issue, we must reject Ford's argument, as in virtually every case challenging the timeliness of notice, it has been the superintendent who supplied the letter of nonrenewal. We hold that the superintendent has the authority to issue a letter of nonrenewal on behalf of a school district. At the very least, under the facts of this case, harmless error, if any, would apply.

STATEMENT OF THE FACTS
The facts are undisputed. Dr. Fenton Peters (hereinafter, "Peters") was the superintendent of the Holly Springs School District (hereinafter, "District"). Joseph Ford (hereinafter, "Ford") was the principal of the Holly Springs High School. On February 13, 1990, Peters recommended to the School Board (hereinafter, "Board") that Ford's employment contract not be renewed for the following 1990-91 academic year. Ford was notified in writing of the nonrenewal decision on February 27, 1990. On March 16, 1990, Peters gave Ford a written notice of the reasons supporting nonrenewal. Ford, pursuing his administrative remedies, sought a hearing before the Board.
On April 4, 1990, a hearing was held. Ford was represented by counsel. The Board sustained the superintendent's recommendation not to reemploy Ford as principal because of his bouts of insubordination, his attempts at undermining the superintendent's authority, and his inability to accept policy decisions. The Board also found that Ford received notice prior to March 1, 1990, and Ford made no objections that any required notice was defective.
Ford appealed this adverse decision to the Marshall County Chancery Court on grounds that the decision was not supported by substantive evidence, and that the notice of contract nonrenewal was not issued to or received by him within the time and manner required by Miss. Code Ann. §§ 37-9-15 and 37-9-105 (1972). For remedies, Ford sought re-employment, back pay, attorneys fees and costs.
The trial court reviewed the Board's decision to see if the action of the Board was unlawful because it was (1) not supported by any substantial evidence; (2) arbitrary and capricious; or (3) in violation of some statutory right of the employee. However, during oral arguments, Ford abandoned his contention that the Board's decision regarding the merits of the charges against him was not supported by any substantial evidence and was arbitrary and capricious. Thus, Ford has pursued his claim solely on grounds that his statutory right to timely notice of nonrenewal had been violated and that the superintendent *843 was without authority to send the non-renewal notice on behalf of the District.

STANDARD OF REVIEW
The Supreme Court proceeds de novo in determining claimed errors of law. Cooper v. Crabb, 587 So.2d 236, 239 (Miss. 1991). This Court must review the lower court's ruling under a de novo standard of review. The only issues to be resolved are matters of law, especially since both parties agree to the facts.

DISCUSSION OF LAW

I. WHETHER THE NOTICE OF NONRENEWAL OF EMPLOYMENT WAS TIMELY MADE.
The question that approaches this Court is very narrow. Simply put, we must decide whether school principals must be notified of contract nonrenewal by February 22nd, a date deduced by coupling Miss. Code Ann. § 37-9-105 (1972), and Miss. Code Ann. § 37-9-15 (1972), or by March 1st, the date listed by the legislature under § 37-9-105(b) as the absolute last date on which to notify.
As a general rule, this Court has insisted on mandatory compliance with the notice provisions of the School Employment Procedures Act, Miss. Code Ann. § 37-9-101 (1972) et seq., Jackson v. Bd. of Ed. of Oktibbeha County, 349 So.2d 550 (Miss. 1977); McDonald v. East Jasper City Sch. Dist., 351 So.2d 531 (Miss. 1977). "[P]rocedural requirements of timely notice and hearing must be met in order to deny reemployment." Calhoun City Bd. of Ed. v. Hamblin, 360 So.2d 1236, 1238-39 (Miss. 1978). The intent of the legislature in enacting the School Employment Procedures Act of 1977 was to grant a teacher the limited right to notice and an opportunity to be heard by the school board but not to place restrictions on what decision the school board might make. The main purpose of the Act is to provide employees with notice that they will not be reemployed in sufficient time to enable them to secure alternative employment. Lamar Cty. Sch. Bd. of Lamar Cty. v. Saul, 359 So.2d 350, 354 (Miss. 1978).
The bulk of the case law involves teachers claiming defective notification of employment nonrenewal. Merchant v. Pearl Mun. Sep. Sch. Dist., 492 So.2d 959 (Miss. 1986); Noxubee County Sch. Bd. v. Cannon, 485 So.2d 302 (Miss. 1986); Noxubee County Bd. of Education v. Overton, 483 So.2d 301 (Miss. 1985); Cox v. Thomas, 403 So.2d 135 (Miss. 1981). However, several cases do address principals challenging the efficacy of their school district's notification of contract nonrenewal. Lamar Cty. Sch. Bd. of Lamar Cty. v. Saul, 359 So.2d 350 (Miss. 1978); Everett v. Bd. of Trustees Meridian Mun. Sep. Sch. Dist., 492 So.2d 277 (Miss. 1986).
This Court cannot rely too heavily on the teacher nonrenewal line of cases. First, the dates for which teachers need to be notified of nonrenewal are different than the dates for which school principals need to be notified. Second, the current teacher notification statutes, Miss. Code Ann. § 37-9-17 (1972), and Miss. Code Ann. § 37-9-105 (1972), do not contain any possible inconsistency that is inherent in the current principal notification statutes, Miss. Code Ann. § 37-9-15 (1972), and Miss. Code Ann. § 37-9-105 (1972). Third, most of the cases that challenged timely notification involved situations where the school district went well beyond the scope of timely notification. See McDonald v. East Jasper Cty. Sch. Dist., 351 So.2d 531 (Miss. 1977) (both the letter of nonrenewal, which was tendered on April 14th, a week after the April 8th deadline, and the hearing process were not in accord with the statutory time schedule); Jackson v. Board of Education of Oktibbeha Cty., 349 So.2d 550 (Miss. 1977) (where the employee was notified by regular mail on August 19th, when the notification date was April 8th); Lamar Cty. Sch. Bd. of Lamar Cty. v. Saul, 359 So.2d 350 (Miss. 1978) (where the school board initially chose to renew employee's contract, and later rescinded its previous order for reemployment). But see also, Merchant v. Pearl Mun. Sep. Sch. Dist., 492 So.2d 959 (Miss. 1986) (where in spite of the fact that a coach's contract was nonrenewed on July 10, 1984 for the upcoming school year, well after the April 8th deadline, it was held that the school board met the statutory requirements for notice since the coach had committed acts *844 of insubordination and other questionable conduct since April 8th).
Nonetheless, when choosing between two apparently legitimate dates for timely notification, the most instructive case is Warner v. Board of Trustees, 359 So.2d 345 (Miss. 1978). Warner also involved the issue of timely notification where a statute contained conflicting dates. In Warner, the primary question was whether Mrs. Warner was given timely notice of her principal's recommendation not to reemploy her under the Public School Fair Dismissal Act, Miss.Gen.Laws, Ch. 577 (1974). Warner's principal had determined in late February 1976 that he would not recommend her for reemployment. The superintendent notified Warner of the decision by letter dated March 22, 1976, and received March 25, 1976. Warner contended that the notice should have been sent to her within seven days of the date the principal determined not to recommend her for reemployment, i.e. within the last week of February or the first week of March 1976.
The Warner Court analyzed the case under both Miss. Code Ann. § 37-9-17 (1972), and the Miss.Gen.Laws., Chapter 577 (1974), which read in part as follows:
Section 3. Persons Entitled to Notice. Any employee of a school district who has been employed by such district during the entirety of the preceding school year, shall be given notice within seven (7) days of the decision that he not be offered a contract for reemployment for the succeeding school term when:
(c) by April 1, the principal does not recommend to the superintendent the reemployment of a teacher, or by May 1 the principal does recommend the reemployment of a teacher and the superintendent does not approve the recommendation for the teacher's reemployment, or by May 1, the principal and superintendent both recommend the reemployment of a teacher and the board of trustees of the district declines the recommendation.
Section 4. Notice. Except in the case of nonreemployment of the superintendent, notice shall be tendered by the superintendent to any employee within seven (7) days of the date when the recommendation to reemploy would have been made under the terms of Section 37-9-15 and 37-9-17 and amendments thereto.
Miss. Code Ann. § 37-9-17 (1972), provides in part as follows:
On or before April 1 of each year, the principal of each school shall recommend to the superintendent of the school district the teachers to be employed for the school involved except those teachers who have been previously employed and who have a contract valid for the ensuing scholastic year.
Faced with construing conflicting provisions in the same statute, this Court invoked the rule of Coker v. Wilkinson, 142 Miss. 1, 106 So. 886 (1926).
[W]here there are two conflicting provisions in the same statute, the last expression of the Legislature must prevail over the former. Undoubtedly that principle of statutory construction is sound. Coker, 142 Miss. at 16, 106 So. at 887.
Warner, 359 So.2d at 347.
However, as a precaution, this Court also felt that the order of arrangement rule should not control when "to accept the literal wording of the latter provision would destroy the legislative policy, nullify the main provisions of the act, and entirely defeat the manifest intention and purpose of the lawmakers." Roseberry v. Norsworthy, 135 Miss. 845, 860, 100 So. 514, 517 (1924). Applying these principles, the Warner Court concluded that Section 4 should govern, and that the date of April 1st was the hallmark from which any deadline should be computed. Warner, 359 So.2d at 348.
The Warner Court rested its reasoning on the fact that Section 4
fixe[d] a definite and certain date for notice, whereas if ... Section 3 [was deemed] controlling, the date of notice would not be definite and certain and would depend upon the time a principal originally determined not to reemploy a teacher. When two dates are possible in a statute requiring notice, one being definite and certain and the other being indefinite and uncertain, the definite date should *845 be chosen so that the notice requirements will apply consistently to all persons entitled to notice.
Id. (emphasis added).
Although a valid argument could be made that in applying the two statutes, both dates under the facts in the case at bar could be considered definite and certain, Miss. Code Ann. § 37-9-105 (1972), sets the absolute final date when nonrenewal notice can be given, (which is March 1st, in the case of a principal), and such date should govern.
However, this case is not exactly parallel with Warner. It is important to note that in Warner, the appellant was arguing that the counting should begin at the time a principal had subjectively decided he would not recommend an employee for the following year. Here, Ford's argument is not quite so tenuous, nor does it lead to ambiguous and shifting notification dates. He is asking that February 22nd be the deadline for notice because Miss. Code Ann. § 37-9-15 (1972), states that by February 15th, a decision of nonrenewal must be made, and seven days henceforth does create an objective and tangible deadline of February 22nd. Nonetheless, March 1st is also a date provided for by the legislature, and in the same manner, there is no reason why a school board should not be able to rely upon such date as the date by which they must serve notice of nonrenewal for school principals.
Choosing March 1st as the target notification deadline in no way destroys the purpose of the legislation. It is a catchall. In fact, practically speaking, March 1st is somewhat akin to a "grace period" beyond which is a point of no return prohibiting the sending of any nonrenewal notification to a principal. March 1st still affords Ford reasonable and sufficient time to secure employment with another school district. Preferring March 1st to be the guiding star neither nullifies the legislative policy, nor defeats the manifest intention of the legislature to provide early notice. Thus, in this case, since using the order of arrangement rule is not problematic, the March 1st ultimate and final deadline stated in Miss. Code Ann. § 37-9-105 (1972), should be the official notice date for nonrenewal of a principal's employment for the following scholastic year.
As a last point, even if there was a defect in the notice, it is a harmless procedural error excusable under Miss. Code Ann. § 37-9-113(4) (1972), which provides that
[n]o relief shall be granted based upon a court's finding of harmless error by the board in complying with the procedural requirements of sections 37-9-101 to 37-9-113. However, in the event that there is a finding of prejudicial error in the proceedings, the cause shall be remanded for a rehearing consistent with the findings of the court.
Because the language of Miss. Code Ann. § 37-9-105 (1972), could possibly be considered somewhat ambiguous, the Board could have reached a good faith, plausible conclusion that a notification date of March 1st complied with the statutory procedural requirements. After all, March 1st is what the legislation states, albeit confusingly.
Furthermore, because the timespan between February 22nd and March 1st is essentially less than one week, rather than any extended timespan such as that in McDonald, Jackson, Lamar Cty., and Merchant, there is actually only harmless error, if any.
Case law also buttresses this "harmless error  no relief" conclusion. Cox v. Thomas, 403 So.2d 135, 137-38 (Miss. 1981), essentially holds that some procedural defects can be overlooked where there is a "substantial and manifestly good faith attempt by the superintendent and the school board to comply with the law." (emphasis added). The Cox Court noted that "[i]n this case, however, Mrs. Thomas was represented by an attorney, and these are purely procedural matters." Id. at 137. Justice Hawkins, writing for the Court in Cox, noted the basic fundamental purpose of the School Employment Procedures Act of 1977 which substantially amended the 1974 Miss. Laws Ch. 577 "Public School Fair Dismissal Act" by stating:
The preamble to the present law states the intent of the Legislature is to establish `procedures for providing public school employees *846 with notice of the reasons' for not offering a renewal contract, provide an opportunity for the employee to present matters in extenuation or exculpation to enable the school board to determine whether the recommendation of non-employment is a proper employment decision and not contrary to law, and `not to establish a system of tenure or require that all decisions of nonreemployment be based upon cause with respect to employment in the school district.'

403 So.2d at 137. (emphasis added).
In the same vein, the record here does not reveal any bad faith by the Holly Springs School Board to justify not forgiving a minor procedural defect, if any. See also, Everett v. Bd. of Trustees Meridian Mun. Sep. Sch. Dist., 492 So.2d 277, 282 (Miss. 1986) (where this Court held it was harmless procedural error where a principal had been terminated by a superintendent prior to a school board hearing). In the case at bar, as in Cox, a substantial and manifestly good faith effort was made by District to comply with the law in notifying Ford of the Board's decision of non-renewal prior to the March 1st ultimate deadline as set out in the statute. As in Cox, Superintendent Peters by the February 15th deadline, decided against recommending reemployment for Ford. Ford received prompt notice on February 27th of the District's decision of non-renewal of employment. He was promptly notified of the reasons for the superintendent's decision not to recommend him for reemployment. Ford requested and was granted a prompt board hearing and he timely appealed to chancery court where he received a thorough airing of his grievances. During all of these proceedings Ford was represented by legal counsel.
We are ever mindful too of Ford's abandonment during the chancery court proceedings of his contention that the District's decision as to the charges of insubordination, attempts at undermining the superintendent's authority, and his inability to accept policy decisions was not supported by substantial evidence and was arbitrary and capricious. Ford hinged his entire case here strictly upon alleged procedural notice violations. We also find that the District has complied with Ford's "right to be heard," and under the facts of this case, considering the District's substantial and manifest good faith effort to comply with the statute, the "harmless error  no relief" conclusion is appropriate. We necessarily affirm the chancellor on this issue as Ford's contentions are meritless.

II. WHO IS REQUIRED TO GIVE NOTICE OF NON-RENEWAL TO THE PRINCIPAL  THE SUPERINTENDENT OR THE SCHOOL DISTRICT.
Ford expounds the proposition that it is the school district who must give him the notice of nonrenewal, and not the superintendent of the school district. The following statutes have quite a lot to say about who can give proper notification of nonrenewal: Miss. Code Ann. § 37-9-15 (1972) (emphasis added), requires the

superintendent of each school district [to] recommend to the school board thereof the ... principals to be employed for each of the schools of the districts... . Unless good reason to the contrary exists, the school board shall approve and authorize the employment of the ... principals so recommended. If, for any reason, the school board shall decline to approve [a] ... principal so recommended, the superintendent shall make the additional recommendations for the place or places to be filled.
Miss. Code Ann. § 37-9-105 (1972) (emphasis added), provides that
"[i]n the event that a determination is made by a school district not to offer an employee a renewal contract for a successive year, written notice of nonrenewal shall be given within seven (7) days of the date when the recommendation to reemploy would have been made under the provisions of sections 37-9-15 and 37-9-17, and amendments thereto, but in any event no later than the following:
(a) ...
(b) If the employee is a principal, the school district shall give notice of nonreemployment on or before March 1... ."
*847 Based on these two statutes alone, Ford's argument has a superficial appeal, i.e. that the superintendent can only recommend a candidate for renewal, but it must be the school board who must notify such candidate of the decision if such decision is a nonrenewal. However, other portions of the Mississippi Code shed light on this simplistic assumption: Miss. Code Ann. § 37-9-1 (1972), states:
For the purpose of this chapter the terms "superintendent" and "principal" shall have such meaning as are ascribed to them under the provisions of Section 37-19-1... .
Miss. Code Ann. § 37-19-1 (1972), states in part:
(c) The term "principal" shall mean the head of an attendance center or division thereof;
(d) The term "superintendent" shall mean the head of a school district,
.....
(g) The term "school district" shall, for the purposes of this chapter, be construed to include any type of school district in the State of Mississippi;
Miss. Code Ann. § 37-9-103 (1972), provides as follows:
As used in sections 37-9-101 through 37-9-113 the word "employee" shall include any teacher, principal, superintendent elected by a board of trustees, and other professional personnel employed by any public school district of this state ...
Miss. Code Ann. § 37-6-3(2)(b) (1972), defines "school board" as
the board of trustees of a municipal separate, special municipal separate, consolidated or line consolidated school district in this state.
From just the statutes alone, it is clear that a school board is nothing more than a group of trustees that govern a school district, at the head of which, is the superintendent. The principal, however, is an employee. Thus, in terms of Miss. Code Ann. § 37-9-105 (1972), when a "determination is made by the school district not to offer an employee [principal] a renewal contract," a superintendent, the statutory head of the school district, has more than enough statutory authorization to serve a notice of nonrenewal on behalf of the school district. Such a conclusion is fitting, especially when one considers the language of the session laws, Miss.Gen.Laws. Ch. 577, Section 4 (1974) (emphasis added):
Except in the case of nonreemployment of the superintendent, notice shall be tendered by the superintendent to any employee within seven (7) days of the date when the recommendation to reemploy would have been made under the terms of Section 37-9-15 and 37-9-17 and amendments thereto.
Thus, it has always been incumbent upon the superintendent to notify any employee, including principals, of contract nonrenewals. The lack of the word "superintendent" in current Miss. Code Ann. § 37-9-105 (1972), does not give rise to the belief that the superintendent does not have the authorization to give written notice to the nonrenewed employee.
Putting aside the plain meaning in the statutes, case law also supports the proposition that it is the superintendent who must send notice of nonrenewal to principals. In Lamar Cty. Sch. Bd. of Lamar Cty. v. Saul, 359 So.2d 350, 352 (Miss. 1978), it was the Superintendent of Education of Lamar County who notified Principal Saul that she would not be recommended for reemployment as principal of her high school.
This Court, while it was never bothered with the question of whether the superintendent had the authority to issue the letter of nonrenewal, did note that Miss. Code Ann. § 37-9-15 (1972), gave the superintendent the exclusive right to recommend a principal for employment, and that Miss. Code Ann. § 37-9-105 (1972), gave the school district, in light of the superintendent's recommendation, the power to both offer or deny an employee a renewal contract for a successive year. Lamar Cty. Sch. Bd., 359 So.2d at 353. In interpreting the legislative intent of these two sections, the Court essentially held that school boards have a quasi-judicial function. This Court concluded that if a school board did not have the power to either accept or override a superintendent's recommendations, the whole purpose of a hearing would *848 be negated. Id. If the school board could not act in a judicial capacity, the hearing would be nothing more than a meaningless exercise that merely allowed a principal or an aggrieved employee a forum in which to air his grievances. Id. Thus, Ford's position that the school district should have given him the notice of nonrenewal is incongruent with the legislative intent to make school boards a quasi-judicial entity because it transforms the employment nonrenewal appellate process into a Star Chamber of sorts. It is indeed illogical to ask a school board to issue a letter of nonrenewal and then seek review of such decision before the very same board.
We note also that this same issue of whether a letter of notification sent by the superintendent rather than the board was raised as being deficient and thus error in Cox. While it is true the Cox Court did not specifically address the issue as to whether such action was proper according to the statute, nevertheless, the Court did reference the issue and ultimately held harmless error applied. That ultimate holding by the Cox Court is noteworthy and, under the facts of this case, would equally amount to harmless error here too, if any.

CONCLUSION
This Court holds that the March 1st date is the proper notification for nonrenewal of employment contracts for school principals. We reach this conclusion by acknowledging that this date is definite and certain, is contained solely within Miss. Code Ann. § 37-9-105 (1972), and may be likened as a grace period or a catchall date beyond which the District is prohibited from sending a notice of non-renewal to a principal, whereas Ford's date can only be ascertained by combining two statutes. The March 1st notification deadline does not destroy the manifest intention or purpose of the legislation, nor does it take away from our requirement that strict compliance with the notification statutes is required.
In arriving at our conclusion this Court is not overriding the legislature and choosing the dates. The truth of the matter is that the legislature has written legislation with apparently conflicting dates, and by virtue of the fact that we indeed are a judiciary called upon to interpret legislation, we must now determine which of the two dates provided will govern the facts at hand. Simply put, a decision must be made interpreting the law as written by the legislature. The very essence of this Court is to settle a genuine conflict. This we have done by reaching our conclusion through application of the correct legal principles and a body of germane case law.
The conclusion reached by the dissent is arrived at through mere speculation. While a plausible sounding argument could be made that the March 1st date applies only in the event a superintendent had recommended reemployment, and the school board decided against the recommendation, there is neither a single case, nor other legal principles, nor any legislative history to suggest that such is the case. Accordingly, the dissent is bereft of any legal authority or legislative history to support the arrival at the February 22nd date as governing, as opposed to the March 1st date.
The Court also rejects Ford's claim that the superintendent does not have the authority to issue the letter of nonrenewal because the statutes clearly give the superintendent such authority as head of a school district. Applying Cox and under the facts of this case, such action would constitute harmless error, if any. Ford's remedies for back pay, reemployment, attorneys fees, and court costs are denied. Attorneys fees are generally not awarded when the facts of a case create a legitimate difference of opinion as to the interpretation of the statutes involved. Jackson v. Bd. of Ed. of Oktibbeha County, 349 So.2d 550, 553 (Miss. 1977).
The chancery court's opinion is affirmed.
JUDGMENT AFFIRMED.
DAN M. LEE, P.J., and SULLIVAN, PITTMAN, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.
BANKS, J., dissents with separate written opinion joined by HAWKINS, C.J., and PRATHER, P.J.
*849 BANKS, Justice, dissenting:
The majority opinion nullifies a positive statutory command by finding a "grace period" that is not there and, alternatively, by converting a substantive right into a mere procedural device, all in derogation of our established precedents. I dissent.
At issue is the question whether there is an ambiguity in a statutory scheme for notifying school personnel of a decision not to reemploy. Important to understanding the scheme is the realization that, under our school employment procedures with respect to principals, there are two decision makers, the superintendent, who recommends, and the school board, which decides whether to accept that recommendation. Miss. Code Ann. 1972 § 39-9-15. The school board has no power to employ a teacher or principal not recommended by the superintendent. Id. It follows that the decision of the superintendent not to recommend is final, save for some impermissible reason to be demonstrated in proceedings pursuant to the School Employment Procedures Law of 1977. Miss. Code Ann. 1972, § 37-9-101 et. seq. Id. Similarly, the decision of the school board not to employ one recommended for employment by the superintendent is final but for the School Employment Procedures Law. § 37-9-15. Id. The same statute establishes the date by which the superintendent must make a recommendation. Id.
It is in recognition of these facts and in pursuit of a system which gives the nonrenewed personnel the earliest opportunity to respond to the loss of employment that the legislature required notification keyed to the earliest date upon which the decision not to reemploy is given effect. There are two possible dates, the first when the superintendent fails to recommend by the last date for doing so and, the second, assuming a superintendent's recommendation to employ, when the school board declines to accept a recommendation. The legislature statutorily provides for notification within seven days of the first date, the superintendent's recommendation, the final date for which is also statutorily prescribed, and, by a date certain for the second event, an unfavorable school board decision, the date for which is not statutorily prescribed. Miss. Code Ann. 1972 §§ 37-9-105 and 37-9-15. There is neither ambiguity nor conflict here. A failure to notify the employee in accordance with the statute invalidates the non-renewal. DeSoto County School Board v. Garrett, 508 So.2d 1091 (Miss. 1987); Merchant v. Pearl Municipal Separate School District, 492 So.2d 959 (Miss. 1986); Noxubee County School Board v. Cannon, 485 So.2d 302 (Miss. 1986); Jackson v. Board of Education of Oktibbeha County, 349 So.2d 550 (Miss. 1977).
Prior to its amendment in 1977, the statute, a part of the old "Public School Fair Dismissal Act," did not specifically refer to a recommendation or non-recommendation but required notice within seven days "of the decision that he not be offered a contract." Miss.Gen.Laws Ch. 577 (1974), codified as Miss. Code Ann. 1972 § 37-9-101 et. seq.; Miss. Code Ann. § 37-9-105 (Supp. 1976). It was this language that this Court in Warner v. Board of Trustees, 359 So.2d 345 (Miss. 1978), found ambiguous in considering a notice of non-renewal for the 1976-77 school year. To quote the statute in pertinent part as considered by the Warner Court:
Section 3. Persons entitled to notice. Any employee of a school district who has been employed by such district during the entirety of the preceding school year, shall be given notice within seven (7) days of the decision that he not be offered a contract for reemployment for the succeeding school term when
... .
(c) by April 1 the principal does not recommend to the superintendent the reemployment of a teacher, or by May 1 the principal does recommend the reemployment of a teacher and the superintendent does not approve the recommendation for the teacher's reemployment, or by May 1 the principal and superintendent both recommend the reemployment of a teacher and the board of trustees of the district declines the recommendation.
Section 4. Notice. Except in the case of nonreemployment of the superintendent, notice shall be tendered by the superintendent to any employee within seven (7) days of the date when the recommendation to *850 reemploy would have been made under the terms of §§ 37-9-15 and 37-9-17... .
359 So.2d at 347.
In Warner the proof showed that a principal made the decision not to recommend sometime in February, well in advance of the April 1 deadline. Because the statute in Section 3 referred to "the decision," not the recommendation, there was an ambiguity. The majority of that court resolved that ambiguity by ignoring Section 3 and utilizing Section 4 to set the date. Id. at 348. The majority was fortified in this view because Section 4 also provided specifically that the superintendent was to give the notice and Section 2 was silent on this question. Id. At that time § 37-9-17, to which Section 4 refers, provided for a recommendation by April 1.
In replacing the Public School Fair Dismissal Act with the School Employment Procedures Law of 1977 (Miss.Gen.Laws, 1977 ch. 489, codified as Miss. Code Ann. § 37-9-101 (1972) et seq.) the legislature corrected the language in the notification statute to refer specifically to the recommendation, and to refer explicitly to the statutes providing for the recommendation to be made by the superintendent and, for teachers, the principal as well, as the timing of those recommendations. Miss. Code Ann. 1972 §§ 37-9-105, 37-9-15 and 37-9-17 (Rev. 1990). In effect, Section 3 and 4 of the old act, codified as §§ 37-9-105 and 37-9-107 were combined and the latter repealed. Miss.Gen.Laws, 1977 ch. 489. What that means is that Section 4, which was § 37-9-107, to which the Warner Court gave effect, has now replaced the introductory paragraph to Section 3, which the Warner Court ignored as conflicting and ambiguous. The Warner Court noted the change, which was not applicable to the case there before it, and termed it consistent with its view. 359 So.2d at 348.
The Legislature also shortened § 37-9-105 by referring to subsections (a), (b) and (c) thereof with the language "but in any event no later than" the dates specified in those subsections. The specific language in subsection (a), (b) and (c) referred to a recommendation and thereafter the school board acceptance was deleted. The effect however is the same. The introductory paragraph refers to the recommendation date and paragraphs (a), (b) and (c) refers to the school board decision.
Ford relies upon that introductory paragraph and his position has merit. Controlling here, is the statute regarding superintendents with respect to principals which requires that the recommendation be made no later than February 15. Miss. Code Ann. 1972 § 37-9-15. The statutory scheme, fairly read, requires that a principal be notified of a superintendent's decision not to offer employment within seven days of February 15 at the latest. If the principal is recommended by the superintendent, and the school board for some reason rejects that recommendation, the principal must be notified by March 1. Id. Here the notification came late.
The majority recognizes the validity of the construction giving effect to both dates but responds by deeming the seven day difference as something of a "grace" period. Majority opinion, ante p. 10. It suggests that March 1 is early enough to suit the legislative policy expressed by the statute. True enough, but it is the legislature not this Court which chooses the dates. The legislature has chosen February 22 as the date for notification of a failure to recommend. It is not our prerogative to extend that by seven or seventy days. See McDonald v. East Jasper Cty. Sch. Dist., 351 So.2d 531 (Miss. 1977) (Notification six days after deadline is too late.).
While this Court has found reason to forgive less than strict compliance with the hearing requirements set in motion by a request after notice, never before has it deemed the required notice a mere procedural device subject to harmless error analysis. See Noxubee County Bd. of Educ. v. Overton, 483 So.2d 301 (Miss. 1985) (Contrasting and distinguishing the failure to schedule a timely hearing with the failure to give the required notice.). In Cox v. Thomas, cited by the majority, this Court restricted its view to whether the chancellor had jurisdiction of an original action. 403 So.2d 135, 136. Its dicta concerning good faith, quoted by the majority, referred not to notice of non-renewal but *851 requirements associated with the hearing afforded upon request. Id. at 137. Even then, the Court observed that the procedural deficiencies there present were subject to abatement upon request. Id. The failure to give a timely notice is not subject to abatement. There is no way to reverse the clock. We have long held that compliance with the notice requirement is "mandatory," and we have brooked no "good faith" excuse. Noxubee County School Bd. v. Cannon, 485 So.2d 302, 304 (Miss. 1986); Jackson v. Board of Education of Oktibbeha County, 349 So.2d 550 (Miss. 1977).
Under the authority cited above, Ford should be paid for the 1990-91 school year, less any mitigation from alternate employment. Robinson v. Board of Trustees, 477 So.2d 1352 (Miss. 1985).
HAWKINS, C.J., and PRATHER, P.J., join this opinion.