# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01169-COA

IN THE MATTER OF THE ESTATE OF LOUIS                    APPELLANTS
S. PANNAGL, JR., DECEASED: LOUIS CURT
PANNAGL AND SAMMI PAULA PANNAGL
SPENCE

v.

DAVID LAMBERT AND MARK HOLMES                           APPELLEES

DATE OF JUDGMENT:            06/24/2013
TRIAL JUDGE:                 HON. DEBBRA K. HALFORD
COURT FROM WHICH APPEALED:   PIKE COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANTS:     FRANK G. VOLLOR
ATTORNEY FOR APPELLEES:      ALTON LAMAR WATTS
NATURE OF THE CASE:          CIVIL - WILLS, TRUSTS, AND ESTATES
TRIAL COURT DISPOSITION:     DETERMINED WILL WAS REVOKED BUT
                             DENIED SANCTIONS
DISPOSITION:                 REVERSED AND REMANDED - 11/04/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., ROBERTS AND CARLTON, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     This appeal arises from the chancellor's denial of a motion for attorney's fees and

costs. Finding that the chancellor abused her discretion, we reverse and remand.

PROCEDURAL HISTORY

¶2.     On August 19, 2011, David Lambert (Lambert) filed a petition in the Chancery Court

of Pike County to probate a copy of Louis S. Pannagl Jr.'s (Louis) last will and testament.

Louis was Lambert's stepfather. The sworn petition alleges that the original of the will was

lost and that it was not destroyed by Louis with the intent to revoke it. Louis's original will could not be found. On January 30, 2012, Louis Curt Pannagl (Curt), Louis's son, filed an objection to the probate of Louis's will. On May 2, 2012, a hearing was held on the motion of Curt to compel Brady Kellems (Kellems) to give a deposition. Kellems, an attorney, had been contacted by Louis about his will. The court granted the motion. That same day, Lambert filed a motion to amend the petition, asking the chancellor to declare that Louis died intestate and to appoint Donis Smith Pannagl (Donis) the administrator. Donis is Louis's widow and Lambert's mother.

¶3. On May 7, 2012, Sammi Paula Pannagl Spence (Sammi), Louis's daughter, filed an objection to the probate of Louis's will. On January 31, 2013, Curt and Sammi (hereinafter Curt) filed a motion for summary judgment and for sanctions under Mississippi Rule of Civil Procedure 11 and the Litigation Accountability Act, Mississippi Code Annotated section 11-55-1 (Rev. 2012). Lambert filed his response to that motion on February 1, 2013. After a hearing on February 27, 2013, the chancellor granted Curt's motion for summary judgment, but denied his motion for sanctions. Curt appeals the chancellor's denial of sanctions, asserting that Lambert intentionally withheld pertinent information from the court, constituting fraud, and that the filing of this action was frivolous.

FACTS

¶4. In April 2011, Louis contacted Kellems about changing his will. This will was dated April 23, 2001, and had been drawn up by Kellems. Louis sent Kellems and David Carrigee (Carrigee), an attorney, some notes regarding the changes to be made to his will. Among these notes was a handwritten document entitled: "Preparation for Will to be written by

2

Brady Kellems before May-June 2011," and dated January 18, 2011. This document listed changes Louis wanted to make to his will. At the bottom of the first of two columns, the document states: "The Will of April 23rd 2001 Brookhaven/Brady Kellems has been destroyed and March 23, 1993." On Kellems's copy of the document, the words, "and March 23, 1993," were written in a different-color ink. The document is signed by Louis at the top of the page, underneath its title. The signature matches Louis's signature on other documents, and his widow, Donis, testified that the document was in Louis's handwriting. The original handwritten document could not be found. Curt did not learn of this document until Kellems's deposition on November 12, 2012, more than a year after the original petition was filed.

¶5. After Louis's death on June 8, 2011, Donis contacted Carrigee. On June 17, 2011, Carrigee sent Donis a letter with several attachments. The attachments included the will of April 23, 2001, and the handwritten document described above. Donis testified that she looked at the attachments and showed them to Lambert. Lambert testified that he read the handwritten document when he saw it, prior to offering the will for probate. After hiring Mark R. Holmes (Holmes), Lambert and his mother gave these documents to Holmes, who later filed the petition to probate. This petition did not include Louis's handwritten document.

## STANDARD OF REVIEW

¶6. When reviewing a decision regarding the question of whether to apply sanctions under Rule 11 and the Litigation Accountability Act, the proper standard is abuse of discretion. *Collins v. Koppers Inc.*, 59 So. 3d 582, 591 (¶27) (Miss. 2011) (citing *In re Spencer*, 985 So.

3

2d 330, 336-37 (¶19) (Miss. 2008)). "In the absence of a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors," the judgment of the chancellor regarding whether to apply sanctions will be affirmed. *Id*. (quotations omitted).

DISCUSSION

¶7.     In this appeal, Curt contends that Lambert's failure to include the document in this petition constituted fraud; thus, the chancellor erred in failing to award sanctions. Curt argues that Lambert, having read the handwritten document prior to filing his petition, knew the will had been destroyed with an intent to revoke it and, therefore, had no hope of success. According to Curt, the action was frivolous and constituted a fraud on the court because Lambert withheld the document and filed a sworn petition alleging that the original will was lost and not destroyed by Louis with the intent to revoke it.

¶8.     Mississippi Rule of Civil Procedure 11(b) states, in pertinent part:

> If any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party, or his attorney, or both, to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys' fees.

M.R.C.P. 11(b). The Litigation Accountability Act states, in pertinent part:

> Except as otherwise provided in this chapter, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification . . . .

Miss. Code Ann. § 11-55-5(1) (Rev. 2012). The phrase "without substantial justification"

4

is defined by the Act as a filing that is "frivolous, groundless in fact or in law, or vexatious, as determined by the court." Miss. Code Ann. § 11-55-3(a) (Rev. 2012). "The term 'frivolous' as used in this section takes the same definition as it does under Rule 11: a claim or defense made 'without hope of success.'" *In re Spencer*, 985 So. 2d at 338 (¶26) (quotations omitted). "A plaintiff's belief alone will not garner a 'hope of success' where a claim has no basis in fact." *Foster v. Ross*, 804 So. 2d 1018, 1024 (¶21) (Miss. 2002) (quotations omitted). Whether a party has any "hope of success" is an objective standard to be analyzed from the vantage point of a reasonable plaintiff at the time the complaint was filed. *Tricon Metals & Servs. Inc. v. Topp*, 537 So. 2d 1331, 1335 (Miss. 1989).

¶9. The chancellor found the following: (1) it was unclear whether the will had been revoked or if Louis merely contemplated doing so; (2) more information was required to determine Louis's intent; (3) the handwritten document was insufficient to put a proponent of a will having minor children as beneficiaries on notice that it had been revoked; (4) the handwritten document was not subscribed, but merely signed at the top, and the various copies of the document contained different-color ink; and (5) tendering a copy of Louis's will was not so egregious as to warrant the imposition of sanctions against Lambert and Holmes.

¶10. The Mississippi Supreme Court has found that a misrepresentation of pertinent facts to a chancellor, who entered an order based on the misrepresentations, was a violation of the Litigation Accountability Act and Rule 11 of the Mississippi Rules of Civil Procedure and warranted sanctions. *In re Estate of Ladner*, 909 So. 2d 1051, 1056 (¶17) (Miss. 2004). In that case, an executor and his attorney failed to inform the court of the testator's brother's claim to ownership of cattle located on the brother's land prior to obtaining a court order to

5

seize the cattle. *Id*. at 1055-56 (¶¶15-16). In addition, this Court has found that a verified creditor's notice of claim, filed by the counsel of a creditor of potential heirs of a decedent's estate and containing a misrepresentation of pertinent facts, was frivolous. *In re Necaise*, 126 So. 3d 49, 57 (¶30) (Miss. App. Ct. 2013). This Court found that the misrepresentation caused the estate to incur unnecessary attorney's fees in having to respond to those filings and thus warranted sanctions under Rule 11 and the Litigation Accountability Act. *Id*.

¶11.    In this case, Lambert failed to disclose the existence of the handwritten document when he filed his petition. A reasonable person in Lambert's position, with Lambert's knowledge, would have no hope of success in rebutting the presumption that Louis's will had been lost and not destroyed. Lambert admitted that, when he filed his petition, he had received and read the documents attached to Carrigee's letter, which included the handwritten document. This letter, with attachments, was later given to Holmes prior to filing this action. In that document, Louis listed a myriad of changes he wanted to make to his will. At the bottom of the first column of the two-column document, he wrote: "The will of April 23rd 2001 Brookhaven/Brady Kellems has been destroyed." The words "and March 23, 1993," were written in a different-color ink on Kellems's copy. The document was signed by Louis, and Donis testified that the document was in his handwriting. Lambert searched for a will, but could not find one. The file folder in Louis's office entitled "will" was empty.

¶12.    From this document, it is clear that Louis wanted to make changes to his will and that he intended to revoke all prior wills. Even though Louis signed this document at the top of the page, Donis testified that it was his handwriting. When taken in context, the statement

6

that: "The will of April 23rd 2001 Brookhaven/Brady Kellems has been destroyed," effectively put Lambert and his attorney on notice that Louis destroyed his will with the intent to revoke it. This is evidenced by Lambert's attempt to convert the proceedings to that of intestate succession. On the same day that the court ruled on a motion to compel Kellems to give his deposition, and prior to any other depositions being taken, Lambert filed a motion to amend his petition. He sought a declaration that Louis had died intestate and asked the court to appoint Donis the administrator. The handwritten document had not yet come to light, and judging from the timing of the motion's filing, Holmes knew that once it did, there would be no hope of success in overcoming the presumption. In the hearing on the motion for summary judgment, Holmes admitted that he filed that motion because he did not think he could overcome the presumption that Louis's will had been lost and not destroyed.

¶13. The chancellor did not consider the fact of nondisclosure to be important when making her decision about whether to award sanctions. But the fact remains that the nondisclosure was a misrepresentation, making the petition to probate the will frivolous in light of the evidence. The chancellor abused her discretion in not considering Lambert's nondisclosure in determining the frivolity of the action. Curt incurred unnecessary expense in contesting the probate of this will, only to uncover a document that Lambert withheld for almost a year and a half and that would later serve as the basis for summary judgment.

¶14. Finding that the chancellor abused her discretion in deciding not to award sanctions pursuant to Rule 11 and the Litigation Accountability Act, we reverse and remand for a determination of attorney's fees and costs.

¶15. **THE JUDGMENT OF THE PIKE COUNTY CHANCERY COURT IS**

7

**REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.**

**GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., NOT PARTICIPATING.**