# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00157-COA

**LELAND SCHOOL DISTRICT**                               APPELLANT/
                                                        CROSS-APPELLEE

**v.**

**MICHELL C. BROWN**                                     APPELLEE/
                                                        CROSS-APPELLANT

| | |
|---|---|
| DATE OF JUDGMENT: | 01/04/2021 |
| TRIAL JUDGE: | HON. DAVID ANTHONY CHANDLER |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | ROBERT F. STACY JR. |
| ATTORNEY FOR APPELLEE: | JAMIE FERGUSON JACKS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | ON DIRECT APPEAL: AFFIRMED.  ON CROSS-APPEAL: AFFIRMED - 06/21/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     The Leland School District appeals a decision of the Washington County Chancery Court holding that the District improperly terminated Michell Brown's employment days after Brown was hired as the District's special education director.  Although the District's Board of Trustees found that Brown's contract was invalid and upheld her dismissal, the chancellor held that the Board's decision was not supported by substantial evidence and was arbitrary and capricious.  The chancellor also rejected the District's argument that the court lacked jurisdiction because Brown did not request an administrative hearing or appeal her

dismissal within statutory deadlines. The chancellor awarded Brown damages of $30,400 based on the difference between her salary under her contract with the District and what she ultimately earned as a teacher in other school districts.

¶2. On appeal, the District argues that the chancery court lacked jurisdiction to hear Brown's case and that there is substantial evidence to support the Board's decision upholding Brown's dismissal. On cross-appeal, Brown argues that the chancellor erred by reducing her award based on her mitigation of damages and by declining to award attorney's fees. However, we find no error and affirm the judgment of the chancery court.

## FACTS AND PROCEDURAL HISTORY

¶3. On June 8, 2015, the Board voted to employ Brown as the District's special education director for the 2015-2016 school year at an annual salary of $55,000. On June 15, Brown and then-superintendent Glenda Jackson signed Brown's employment contract. Brown's employment was to begin on July 1, 2015. However, on June 29, 2015, at a special meeting of the Board, the Board voted to "rescind" its decision to employ Brown. Malcolm Brown (Malcolm)—the District's incoming superintendent and Brown's ex-husband—notified Brown of the Board's decision by phone on June 29 or 30. However, the District did not provide Brown with any written notice of its decision or her statutory right to a hearing.

¶4. In January 2016, Brown's attorney wrote to the District's new superintendent,[1] alleging that the District breached Brown's contract. Brown stated that after the Board had

___

[1] Malcolm was no longer the superintendent by this time. The Board dismissed Malcolm in September 2015, after only two months on the job. Malcolm subsequently sued the District and the individual Board members who voted to terminate his employment, alleging breach of contract and violations of his constitutional rights.

"rescinded" her contract, she found employment as a teacher in another school district for the 2015-2016 school year but at a lower salary of $39,900. Brown stated that the District owed her the difference between her salary under her contract and her lower salary as a teacher plus interest and legal fees. Brown also asked to be reinstated as the District's special education director for the 2016-2017 school year.

¶5.　In April 2016, Brown filed suit against the District in the County Court of Washington County. Brown's complaint alleged a breach of contract and sought damages. According to the District, the county court later dismissed the complaint for lack of jurisdiction; however, the county court's order of dismissal is not in the record on appeal.

¶6.　In January 2017, Brown filed suit against the District in the Washington County Chancery Court. Brown's complaint again alleged a breach of contract and sought damages. Brown also alleged that the District failed to notify her of her right to a hearing in violation of Mississippi Code Annotated sections 37-9-59 (Supp. 2014) and 37-9-111 (Rev. 2019).

¶7.　The District filed a motion to dismiss, arguing that the case should be dismissed with prejudice because Brown failed to appeal the Board's decision to rescind her employment within twenty days as required by Mississippi Code Annotated section 37-9-113 (Rev. 2019). In May 2017, the chancellor denied the District's motion and instead "referred" the "matter . . . back to the . . . District" for the District to comply with its statutory obligation to give Brown proper notice of the reasons for her termination and her right to a hearing. The District filed a petition for an interlocutory appeal, but a panel of the Supreme Court denied the petition. *Leland Sch. Dist. v. Brown*, No. 2017-M-00852-SCT (Miss. July 26, 2017)

3

(panel order).

¶8. In August 2017, the District finally provided Brown with a written "explanation of the . . . District's decision to rescind its recommendation to hire [her]." The District asserted that "Brown was not terminated because she had not started working and her contract was not to begin until July 1, 2015." The District further stated:

> On June 29, 2015, the Leland School Board voted to rescind multiple staff recommendations, including the recommendation to employ Ms. Brown. These recommendations were rescinded because they were not the recommendations made by superintendent Glenda T. Jackson. Ms. Jackson's position as superintendent was to end on June 30, 2015. The recommendations were not made by Ms. Jackson, and it would be a better practice for the incoming superintendent to make the recommendations once he took office. In fact, Malcolm Brown took office as Interim Superintendent on July 1, 2015, and in a special board meeting, he made those same staff recommendations, with the exception of Michell Brown.

¶9. In September 2017, a public hearing was held before a hearing officer appointed by the Board. At the hearing, the District argued that Brown's contract was invalid because (1) she had not been recommended by then-superintendent Jackson, and (2) she was not qualified to serve as the special education director because she did not hold an administrator's license.[2] The District did not call any witnesses or present any evidence at the hearing, and Brown was the only witness who testified. The hearing officer subsequently issued a report concluding that Brown's contract was invalid for the two reasons given by the District. On November

[2] Counsel for the District asserted that the District "found out, after the fact," that Brown was not qualified to be the special education director, and "that could have been the reason that" her ex-husband (Malcolm) "did not recommend" her for the job. However, the District admitted that it did not know the actual reason for Malcolm's decision. Brown objected that the District failed to mention any issue with her qualifications in its pre-hearing written notice to her. However, the hearing officer overruled Brown's objection.

4

15, 2017, the Board adopted the hearing officer's report and conclusions and reaffirmed the Board's June 2015 decision to rescind Brown's employment.

¶10. On December 4, 2017, Brown filed an appeal in the Washington County Chancery Court pursuant to Mississippi Code Annotated section 37-9-113. On appeal, Brown argued that the Board's decision was arbitrary and capricious and violated her statutory and constitutional rights. She further argued that there was no substantial evidence to support the Board's claim that her contract was invalid.

¶11. The District filed a motion to dismiss the appeal for lack of jurisdiction. The District argued that the chancery court lacked jurisdiction because Brown failed to appeal the Board's original (June 2015) decision to rescind her employment within twenty days, as required by section 37-9-113. The District argued that Brown was aware of the Board's decision by June 29 or 30, 2015, when Malcolm called her and told her not to report for work. In March 2018, the chancellor entered an order denying the District's motion to dismiss.

¶12. In December 2020, following briefing on the merits, a new chancellor[3] entered a final order and judgment holding that the District's actions and refusal to honor Brown's contract were not supported by substantial evidence, were arbitrary and capricious, and violated Brown's statutory and constitutional rights. The chancellor held that the District was liable to Brown for damages of $30,400—the difference between the salary that Brown would have earned had she been employed by the District during the 2015-2016 and 2016-2017 school

---

[3] The original chancellor left office at the end of 2018. In 2020, after all the chancellors in the district had recused from the case, the Supreme Court appointed former Supreme Court Justice David Chandler to hear the appeal as a special chancellor. *See* Miss. Code Ann. § 9-1-105(1) (Rev. 2019).

years and her actual earnings as a teacher in other school districts during those years.

¶13.	On appeal, the District argues that the chancery court lacked jurisdiction to consider Brown's complaint and subsequent appeal because Brown did not appeal the Board's 2015 decision to rescind her employment within twenty days, as required by statute. The District also argues that the Board's decision was based upon substantial evidence, was not arbitrary or capricious, and did not violate Brown's statutory or constitutional rights because Brown had not been recommended by the superintendent and was not qualified for the position. On cross-appeal, Brown argues that the chancellor should have awarded her additional damages and attorney's fees.

## ANALYSIS

### I.	The chancery court had jurisdiction.

¶14.	Before a licensed school employee may be dismissed, the employee must "be notified of the charges against him and . . . advised that he is entitled to a public hearing upon said charges." Miss. Code Ann. § 37-9-59. If the employee requests a hearing, it must be held within thirty days before the school board or a hearing officer appointed by the board. *Id.*; Miss. Code Ann. § 37-9-111. If the school board upholds the dismissal, the employee may seek judicial review by filing a petition and bond in chancery court "within twenty (20) days of the receipt of the final decision of the board." *Id.* § 37-9-113(1)-(2). Applying these statutes, this Court has held that the timely filing of a petition for appeal is jurisdictional and that the chancery court has only appellate jurisdiction with respect to the dismissal of a licensed school employee. *LaCour v. Claiborne Cnty. Sch. Dist.*, 119 So. 3d 1128, 1133-36

6

(¶¶24, 26-27, 30-31) (Miss. Ct. App. 2013). Therefore, in general, a chancery court lacks jurisdiction to hear a licensed school employee's "claim for breach of contract as an original action and not as an appellate action." *Id.* at 1135 (¶30). Thus, the District argues that the chancery court lacked jurisdiction and should have dismissed Brown's 2017 complaint and subsequent appeal with prejudice because Brown failed to appeal within twenty days of the Board's June 2015 decision to rescind her employment.

¶15. However, in *Noxubee County School Board v. Cannon*, 485 So. 2d 302 (Miss. 1986), the Supreme Court held that a chancery court does have "original jurisdiction" to hear a complaint filed by a licensed school employee if the school district failed to comply with the notice and hearing requirements of the School Employment Procedures Law, now known as the Education Employment Procedures Law of 2001, Miss. Code Ann. §§ 37-9-101 to -113 (Rev. 2019). *Cannon*, 485 So. 2d at 305. In *Cannon*, the school board failed to give a teacher written notice of the nonrenewal of her contract, the reasons for the nonrenewal, or her statutory right to a hearing. *Id.* Not having received this notice, the teacher did not request a hearing or commence a statutory appeal under section 37-9-113. *Id.* Instead, she waited several months and then filed a complaint (i.e., an original action) in chancery court for back pay. *Id.* at 304. In response, the school district argued that "the chancery court lacked original jurisdiction . . . because [the teacher] did not request a hearing before the school board to contest her nonrenewal." *Id.* at 305. The Supreme Court agreed that "the chancery court does not have original jurisdiction to hear matters concerning nonrenewal of teachers' contracts when the school board has made a substantial and good faith attempt to

7

comply with the School Employment Procedures Law." *Id.* In *Cannon*, however, "[t]he school board failed to provide [the teacher] with written notice of nonrenewal, nor was she given an opportunity for a hearing before the board at which to present matters relevant to the reasons given for the nonreemployment decision." *Id.* The Supreme Court held that because the school board failed to provide statutory notice, the teacher "properly invoked the original jurisdiction of the chancery court." *Id.*

¶16. Here, the District attempts to distinguish *Cannon* on the ground that it involved a nonrenewal of a teacher's contract rather than a dismissal. However, we conclude that *Cannon*'s reasoning applies in this context as well. A hearing to contest a dismissal proceeds under the same statute as a hearing to contest a nonrenewal. *See* Miss. Code Ann. §§ 37-9-59 & -111. In addition, the right to judicial review arises under the same statute in either case. *See id.* § 37-9-113. The employee's right to receive proper notice is just as important in this context as it is in the case of a nonrenewal. Indeed, the right to proper notice is *especially* important in the case of a termination because "[i]n the event that an employee does not request a hearing within five (5) calendar days of the date of the notice of discharge . . . , it shall constitute a waiver of all rights by said employee and such discharge . . . shall be effective on the date set out in the notice to the employee." *Id.* § 37-9-59; *see* 7 Jeffrey Jackson et al., *Encyclopedia of Mississippi Law* § 65:94, at 426 (2d ed. 2018).[4] Therefore, we conclude that *Cannon* is controlling and that the chancery court had jurisdiction to hear Brown's original complaint and subsequent appeal from the Board's final decision.

---

[4] An employee has ten days to request a hearing after receiving a notice of nonrenewal. Miss. Code Ann. § 37-9-109.

¶17. Moreover, under Mississippi Code Annotated section 37-9-59, a licensed school employee's time to request a hearing does not begin to run until the school district gives the employee proper statutory notice of the charges against her and her right to a hearing. *See* Miss. Code Ann. § 37-9-59. Here, the District failed to provide Brown with proper notice until August 2017, at which point she timely requested a hearing. In addition, following an adverse decision by the Board, Brown timely sought judicial review. Accordingly, under the applicable statutes and the Supreme Court's decision in *Cannon*, the chancery court had jurisdiction in this case.

## II. The Board's decision was not supported by substantial evidence and was arbitrary and capricious.

¶18. As discussed above, the Board adopted the hearing officer's findings that Brown's contract was invalid and her dismissal was proper because she (1) had not been recommended by then-superintendent Jackson and (2) was not qualified to serve as the special education director because she did not hold an administrator's license. The chancellor, however, held that the Board's decision was not supported by substantial evidence and was arbitrary and capricious.

¶19. The superintendent of a school district may dismiss a licensed school employee for good cause. Miss. Code Ann. § 37-9-59. The employee is entitled to notice of the reasons for her dismissal and may request a public hearing before the school board. *Id.* "The school board is the administrative agency charged by statute with making the ultimate employment decision in all teacher dismissal . . . cases." *Noxubee Cnty. Bd. of Educ. v. Givens*, 481 So. 2d 816, 819 (Miss. 1985). "In a hearing concerning a dismissal, the burden is on the

9

superintendent to show that a principal or teacher has been dismissed for good cause." *Jackson Pub. Sch. Dist. v. Mason*, 295 So. 3d 484, 489 (¶13) (Miss. Ct. App. 2019) (brackets omitted) (quoting *Miss. Emp. Sec. Comm'n v. Phila. Mun. Separate Sch. Dist.*, 437 So. 2d 388, 394 n.4 (Miss. 1983)), *cert. denied*, 293 So. 3d 832 (Miss. 2020). If the school board upholds the dismissal, the employee has a right to judicial review in chancery court. Miss. Code Ann. § 37-9-59; Miss. Code Ann. § 37-9-113(1).

¶20. On appeal, this Court must review the Board's decision "applying the same standard of review as the chancery court. Thus, in substance, this Court reviews the [B]oard's decision, not the ruling of the chancery court on appeal." *Mason*, 295 So. 3d at 488-89 (¶10) (citation omitted). Like the chancellor, we must affirm the Board's decision unless it "is unlawful for the reason that it was: (a) Not supported by any substantial evidence; (b) Arbitrary or capricious; or (c) In violation of some statutory or constitutional right of the employee." Miss. Code Ann. § 37-9-113(3).

¶21. A school board's decision is supported by substantial evidence if the "evidence affords a substantial basis of fact from which the fact in issue can be reasonably inferred." *Leigh v. Aberdeen Sch. Dist.*, 207 So. 3d 1276, 1281 (¶19) (Miss. Ct. App. 2016) (quotation mark omitted). "[S]ubstantial evidence amounts to more than a mere scintilla of evidence, and does not rise to the level of a preponderance of the evidence." *Id.* (quotation marks omitted). "An act is arbitrary when it is not done according to reason or judgment, but depending on the will alone." *Burks v. Amite Cnty. Sch. Dist.*, 708 So. 2d 1366, 1370 (¶14) (Miss. 1998). An action is "capricious" if it is "done without reason, in a whimsical manner,

10

implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles." *Id.*

¶22.     We first address the District's claim that Brown's contract was invalid because then-superintendent Jackson had not recommended her.  The District notes that licensed school employees must be recommended by the superintendent and that the Board lacks the power to employ persons whom the superintendent has not recommended.  Miss. Code Ann. § 37-9-17(1) (Rev. 2019); *Lott v. State ex rel. Kelly*, 239 Miss. 96, 104-05, 121 So. 2d 402, 405 (1960).  The District further notes that the minutes of the Board's June 8, 2015 meeting—at which the Board voted to hire Brown—do not specifically state that Jackson had recommended Brown.  In contrast, the minutes of the Board's June 29, 2015 meeting—at which the Board purported to "rescind" Brown's hiring—do reflect that the Board approved certain other "Superintendent's recommendations."  The Board's minutes do not state *why* the Board decided to "rescind" Brown's employment, but based solely on the minutes of these two Board meetings, the District argues that "[t]he record made before the hearing officer established that the recommendation to employ Brown was not made by . . . Jackson."  We disagree.

¶23.     As stated above, the District had the burden of proof at Brown's hearing.  *Mason*, 295 So. 3d at 489 (¶13).  Nonetheless, the District produced no evidence, other than the Board's minutes, to support its claim that Jackson did not recommend Brown.  Moreover, the Board's minutes reflect that Jackson was present at the meeting when the Board approved Brown's employment.  In addition, in her capacity as the District's superintendent, Jackson

subsequently signed Brown's contract. That contract began by stating that Brown had "been duly elected and approved for employment by the [Board] of the [District]." Finally, as a matter of law, the Board's original decision to employ Brown carries with it a presumption of regularity. As the Mississippi Supreme Court has explained,

> [t]he official action of the governing authorities of a municipal corporation in this state are presumed valid, albeit rebuttably so. What this means—and the point is critical in this case—is that those who would challenge the formal regularity of the prior act of a municipal corporation bear the burden of demonstrating affirmatively wherein the failures occurred. No doubt as a practical matter proof of a negative may be difficult, particularly where a number of years have elapsed. Yet we regard the presumption vital in that otherwise untold scores of official actions may be invalidated, not because the board or agency failed of compliance, but because the draftsman of the minutes failed to use the requisite magic words.

*Luter v. Oakhurst Assocs. Ltd.*, 529 So. 2d 889, 894 (Miss. 1988) (citations omitted). Although *Luter* involved an official action of a board of aldermen, its reasoning also applies to official actions of other public officers and bodies, such as superintendents and school boards.[5] Therefore, we presume that the Board and then-superintendent Jackson followed proper procedures in hiring Brown. The District presented no evidence to rebut that presumption. Accordingly, there is no substantial evidence to support the Board's finding on this issue.

¶24. We next address the District's claim that "the record before the hearing [officer] established Brown was not qualified for the position" of special education director. In support of this claim, the District relies on a portion of the hearing transcript in which Brown

---

[5] *See United States v. Chem. Found.*, 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.").

12

testified that the position of special education director requires a master's degree, that she has a master's degree, and that she does not have an administrator's license. However, Brown did *not* testify that an administrator's license was a requirement for the position. Moreover, the District offered no other evidence of any of the necessary qualifications for the position. Thus, at Brown's hearing, the District failed to present even "a mere scintilla of evidence" that Brown was not qualified for the position. *Leigh*, 207 So. 3d at 1281 (¶19).

¶25. In the chancery court, the District attempted to supplement its challenge to Brown's qualifications with an undated document that purports to state the required qualifications for the special education director. However, the chancellor struck the document from the record because it was not offered or admitted during the administrative hearing before the hearing officer. The chancellor's ruling was proper because an appeal pursuant to section 37-9-113 "shall be limited to a review of the record made before the school board or hearing officer." Miss. Code Ann. § 37-9-113(3); *see Amite Cnty. Sch. Dist. v. Floyd*, 935 So. 2d 1034, 1039 (¶6) (Miss. Ct. App. 2005) ("[T]he chancellor . . . was in error in looking beyond the record before the school board."). Moreover, even this undated, unauthenticated document indicates that the Board may, in its discretion, employ a special education director without an administrator's license. Accordingly, the Board's argument that Brown was not qualified for the position is without merit.

¶26. In summary, there is no substantial evidence to support the Board's finding that Brown's contract was invalid. Thus, there is also no substantial evidence to support the Board's decision to terminate Brown's employment. The Board's decision is also arbitrary

13

and capricious because "it necessarily follows that [a] decision is arbitrary and capricious" if it "is not based on substantial evidence." *Pub. Emps.' Ret. Sys. v. Marquez*, 774 So. 2d 421, 430 (¶35) (Miss. 2000). Therefore, we affirm the chancellor's reversal of the Board's decision. We now address the issues raised by Brown on cross-appeal.

### III. Brown is not entitled to additional damages or attorney's fees.

#### A. Damages

¶27. As discussed above, the chancellor awarded Brown damages of $30,400, which represented the difference between (a) the salary that Brown would have earned had she been employed by the District as its special education director for the 2015-2016 and 2016-2017 school years and (b) Brown's actual earnings as a teacher in other school districts. On cross-appeal, Brown argues that chancellor awarded her inadequate damages. Specifically, Brown argues that she is entitled to recover as damages her full salary from the start date of her contract (July 1, 2015) through the date she finally received an administrative hearing (September 22, 2017). She calculates this amount to be $121,450. Brown argues that the "plain language" of Mississippi Code Annotated section 37-9-59 requires an award of "full back pay" and does not permit a reduction for "mitigation" of damages. In the alternative, Brown argues that she should receive at least one year of "full back pay" ($55,000).

¶28. Section 37-9-59 provides that a licensed school employee generally is entitled to notice and a hearing prior to her dismissal. Miss. Code Ann. § 37-9-59. As relevant here, the statute further provides:

> In the event the continued presence of said employee on school premises poses a potential threat or danger to the health, safety or general welfare of the

14

students, or, in the discretion of the superintendent, may interfere with or cause a disruption of normal school operations, the superintendent may immediately release said employee of all duties pending a hearing if one is requested by the employee. . . . The school board, upon a request for a hearing by the person so suspended or removed shall set a date, time and place for such hearing which shall be not sooner than five (5) days nor later than thirty (30) days from the date of the request. . . . In the event that a licensed employee is immediately relieved of duties pending a hearing, as provided in this section, said employee shall be entitled to compensation for a period up to and including the date that the initial hearing is set by the school board, in the event that there is a request for such a hearing by the employee.

*Id.* Brown focuses on the final sentence quoted above, arguing that it entitles her to an unreduced award of "full back pay" for the two-plus years between her dismissal and her eventual hearing. We cannot accept Brown's argument for two reasons.

¶29. First, the single sentence that Brown cites does not apply in this case. That sentence applies only when the superintendent decides to temporarily "release [an] employee of all duties pending a hearing." *Id.* This may occur only when the superintendent concludes that the employee's "continued presence . . . on school premises poses a potential threat or danger to . . . students" or will otherwise interfere with or disrupt school operations. *Id.* The statute provides that in that scenario, if the employee does request a hearing, the employee shall continue to be paid until the date of the initial hearing—a brief period not to exceed thirty days. *Id.* The employee's right to pay during that brief period is automatic and is not contingent on the outcome of the hearing or any appeal. *Id.* This limited right to continued pay is inapplicable in this case. Brown was not temporarily "relieved of duties pending a hearing" because she was a "threat or danger" to students or school operations. Rather, the District permanently dismissed Brown from her position.

15

¶30. Second, the Mississippi Supreme Court and this Court have recognized that "[w]hen an employee is entitled to back pay, he has a duty to mitigate his damages." *City of Laurel v. Brewer*, 919 So. 2d 217, 227 (¶40) (Miss. Ct. App. 2005) (citing *Eidt v. City of Natchez*, 382 So. 2d 1093, 1095 (Miss. 1980)). In *Byrd v. Greene County School District*, 633 So. 2d 1018 (Miss. 1994), the chancellor found that a school guidance counselor had been wrongfully terminated and awarded him actual damages based on the difference between the amount he was supposed to earn under his contract with the Greene County School District and the amount he "actually earned under his . . . contract with the Wayne County School District." *Id.* at 1021-22. On appeal, the Supreme Court affirmed the chancellor's "award of actual damages . . . based on the difference between [the counselor's] salary under the terms of the Greene County contract and the new agreement he reached with the Wayne County School District." *Id.* at 1025.

¶31. In the present case, Brown was employed as a teacher in other school districts during the 2015-2016 and 2016-2017 school years. Consistent with the Supreme Court's decision in *Byrd* and the general rule that an employee entitled to back pay has a duty to mitigate damages, the chancellor properly reduced Brown's award to account for her actual earnings as a teacher during those years. Accordingly, we find no reversible error in the chancellor's award of damages.

### B. Attorney's Fees

¶32. Finally, Brown argues on cross-appeal that the chancellor should have awarded her attorney's fees under the Litigation Accountability Act, Miss. Code Ann. § 11-55-5(1) (Rev.

2019), or because the District violated her due process rights. The chancellor considered these same arguments and declined to award attorney's fees. We find no reversible error in the chancellor's decision on this issue.

¶33. "Mississippi follows the American rule regarding attorney fees: unless a statute or contract provides for imposition of attorney fees, they are not recoverable. When there is no contractual provision or statutory authority providing for attorney fees, they may not be awarded as damages unless punitive damages are also proper." *Century 21 Deep S. Props. Ltd. v. Corson*, 612 So. 2d 359, 375 (Miss. 1992) (citation omitted).

¶34. Brown argues that attorney's fees are due under the Litigation Accountability Act, which provides in part that a

> court shall award . . . reasonable attorney's fees . . . against any party or attorney if the court . . . finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 11-55-5(1). Under the Act, a claim or defense is "without substantial justification" if it is "frivolous, groundless in fact or in law, or vexatious, as determined by the court." Miss. Code Ann. § 11-55-3(a) (Rev. 2019).

¶35. Brown is not entitled to attorney's fees under the Litigation Accountability Act. Although we have ruled in Brown's favor on the merits, we cannot say that the District's legal arguments are entirely "frivolous" or otherwise sanctionable. Therefore, we cannot say that the chancellor abused his discretion by not awarding attorney's fees. *See, e.g.*, *Est. of*

*Pannagl v. Lambert*, 166 So. 3d 39, 41 (¶6) (Miss. Ct. App. 2014) ("When reviewing a decision regarding the question of whether to apply sanctions under . . . the Litigation Accountability Act, the proper standard is abuse of discretion.").

¶36.    Brown also argues that the chancellor should have awarded her attorney's fees because the District violated her due process rights.  In support of this argument, Brown cites a single case, *Warren County Board of Education v. Wilkinson ex rel. Wilkinson*, 500 So. 2d 455 (Miss. 1986).  In that case, after finding that a school board had violated a student's procedural due process rights, the chancellor issued an injunction and also awarded $1,000 in attorney's fees to the student. *Id.* at 457-58.  The Supreme Court affirmed the chancellor's decision, *id.* at 462, but it did not address the issue of attorney's fees.  Indeed, the opinion's only mention of attorney's fees was within a lengthy block quote from the chancellor's ruling. *Id.* at 458.  In the absence of any discussion of the issue, *Wilkinson* does not establish a right to attorney's fees in every case in which a school board violates a party's rights.[6]  Brown cites no other legal basis to support her claim for attorney's fees.  Therefore, the chancellor did not err by denying her request for fees.

## CONCLUSION

¶37.    The chancellor properly denied the District's motion to dismiss for lack of jurisdiction.  In addition, the chancellor properly held that the Board's decision upholding

---

[6] *See, e.g.*, *Alias v. City of Oxford*, 70 So. 3d 1114, 1118 (¶16) (Miss. Ct. App. 2010) ("It is a long-standing legal principle that a decision is not precedent for a legal point if that point is not considered by the reviewing court."); *Johnson v. State*, 44 So. 3d 400, 408 (¶23) (Miss. Ct. App. 2010) ("[I]f a point is not considered by a reviewing court in a previous decision, it is not regarded as precedent[.]").

Brown's dismissal was not supported by substantial evidence and was arbitrary and capricious. As to Brown's cross-appeal, the chancellor did not err by not awarding additional damages or attorney's fees. Accordingly, we affirm the chancery court's judgment.

¶38. **ON DIRECT APPEAL: AFFIRMED. ON CROSS-APPEAL: AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**